# STATE, DEPARTMENT OF CONSERVATION, BY JARLE LEIRFALLOM, v. ALBERT H. SHERIFF.

207 N. W. 2d 358.

May 4, 1973—No. 43677.

*Swenson, Grover & Lervick* and *John C. Lervick,* for appellant.
*Warren Spannaus,* Attorney General, *C. Paul Faraci,* Deputy

Attorney General, and *William G. Peterson,* Special Assistant Attorney General, for respondent.

Heard before Knutson, C. J., and Todd, MacLaughlin, and Olson, JJ.

MacLaughlin, Justice.

This is an appeal from a summary judgment in favor of plaintiff, State of Minnesota. We affirm in part and reverse in part.

Defendant, Albert H. Sheriff, owns property on Lake Minnewaska near Glenwood in Pope County, Minnesota. In 1961, defendant applied to the commissioner of conservation (now commissioner of natural resources), pursuant to Minn. St. 105.42, for a permit to place fill upon the bed of Lake Minnewaska. After public hearings in Glenwood and St. Paul, the permit was denied by an order of the commissioner on January 22, 1962. In the denial the commissioner found that the portion of the bed of Lake Minnewaska which defendant intended to fill was below the natural high water level of the lake and was a valuable habitat for wild animals which would be destroyed if defendant were allowed to proceed with the fill. The commissioner concluded that the filling which defendant proposed would be detrimental to the public interest. Defendant did not appeal from the commissioner's denial of the permit.

More than 8 years later, on September 3, 1970, a state conservation officer discovered defendant dumping fill into the lake from several trucks. A few days later the state obtained a temporary restraining order which directed defendant to refrain from continuing filling the lake bed. On September 17, 1970, after a hearing before the district court, an order was issued enjoining and restraining defendant from depositing fill into the lake. Thereafter, the state moved for summary judgment. On December 1, 1971, the motion was granted and on January 6, 1972, judgment was entered permanently enjoining defendant from filling any part of the lake bed below the ordinary high

water level and ordering him to remove all fill previously placed by him below the high water level of the lake.

1.   Defendant contends that, because there existed a genuine issue as to material facts, the trial court erred in granting plaintiff's motion for summary judgment. Section 105.42 makes it unlawful for any person to, in any manner, "change or diminish the * * * cross-section of any public waters, wholly or partly within the state, without a written permit from the commissioner previously obtained."

Section 105.55 provides:

"Upon application of the commissioner, the district court * * * may by injunction * * * restrain the violation of, any order of the commissioner made pursuant to sections 105.37 to 105.55, or restrain the violation of sections 105.37 to 105.55."

We held in State v. Kuluvar, 266 Minn. 408, 123 N. W. 2d 699 (1963), that the prohibition in § 105.42 against changing the cross-section of any public waters refers to any change from the natural condition discernible in a view of the waters as they would appear if cut through by an intersecting plane. In other words, as it would appear in a cross-section view of the waters in relationship to the basin in which they are contained or the bed over which they flow. We also held that the prohibition covers only changes detrimental to the public interest.

It is clear that defendant did not have a permit as required in § 105.42. Further, placing fill below the established high water level of the lake constitutes a change in the cross-section of the lake, as defined in State v. Kuluvar, *supra*. The evidence before the trial court that defendant placed fill below the high water level is unrefuted.

Defendant argues that fact issues exist as to whether the filling was detrimental to the public interest or benefit.

If defendant wished to contest the finding of the commissioner that the filling which defendant proposed was detrimental to the public interest, the appropriate remedy was to appeal to the dis-

trict court from the commissioner's determination pursuant to § 105.47. No such appeal was taken, and defendant is not entitled to a redetermination of the question of public detriment in this proceeding which was commenced to obtain an injunction to restrain violation of the commissioner's order. If defendant were allowed a new determination of that issue, he would obtain a broader review than if he had appealed from the commissioner's order. In an appeal from the commissioner's order, the district court must determine the issues based on the record before the commissioner while the trial court in this proceeding would consider the question de novo. Therefore, we hold that the failure to appeal the commissioner's order precludes defendant from again contesting in this proceeding whether the filling is detrimental to the public interest. Since there was no genuine issue as to material facts, we hold that the trial court did not err in granting summary judgment.

2. The judgment of the trial court contained a mandatory injunction ordering defendant "to remove all fill placed [by him] in * * * Lake Minnewaska." We think this directive is too broad. No action was taken in 1962 to require defendant to remove any fill placed in the lake prior to the time of the commissioner's order. Defendant should now be required to remove from the lake only the fill placed by him since the order of January 22, 1962. We remand to the trial court for the purpose of determining the extent of the fill to be removed by defendant.

3. Defendant contends that the commissioner's order of January 22, 1962, denying him a permit is null and void because it was not made within 60 days after the completion of the hearing as required by § 105.45. We need not decide this issue because it was not raised before the trial court and, thus, is not properly before this court. 1B Dunnell, Dig. (3 ed.) § 407.

Defendant also argues that the state should be estopped from enforcing the commissioner's order. We find this argument to be without merit.

Affirmed in part, reversed in part, and remanded to the district court for proceedings consistent with this opinion.